STATE OF CONNECTICUT
vs.
G. LEROY KEMP

Superior Court        Fairfield County        File #8827

124 Conn. 639        MEMORANDUM FILED MAY 19, 1938.

Lorin W. Willis, of Bridgeport, for the Plaintiff.

John Keogh, of South Norwalk, for the Defendant.

WYNNE, J.  The accused is before the Court on a bench warrant issued upon motion of the State's Attorney.  The information to which he is called upon to answer is that set forth in a presentment, or an accusation by the Grand Jury. In legal effect the State's Attorney has adopted the information as his own.  The warrant served upon the accused is "to answer the foregoing information by the State Prosecuting Attorney."

To regard the Grand Jury's accusation as an indictment in a truly technical sense, and proceed to a critical analysis of its legality will avail nothing at this time.  If the motion to quash were to be granted, there would be nothing to prevent the State's Attorney from proceeding upon original information.  Nor would there be anything gained if this Court now should make extensive comments regarding the historical development of the Grand Jury and its modern adaptation to new problems of social import.

That the Grand Jury as an instrument has been adjusted deliberately to changing conditions is clearly apparent.  We need only to take as beacons after a century of fixed adherence to ancient principle, the extension first by Mr. Justice Maltbie, to be followed by Justice Brown's charge in the Watkins case; and then the present views of Judge Inglis and Judge Foster.  The only significance that can be attached to the action of the General Assembly in rejecting on three occasions, proposals that State's Attorneys be permitted in Grand Jury sessions, is in the fact that the change was sought in connection with those cases where indictments are constitutional safeguards.

If this were a case where a Grand Jury's presentment was a necessary formal safeguard and prerequisite to prosecution, the Court would be bound to consider principles which it feels are not controlling now.  All that is involved here is the question as to whether the State, acting through the Superior Court, has the power to use a Grand Jury as a device to probe and to make inquiry.  The Court is satisfied that the State has such power and that our Courts can be depended upon to retain it for use and not abuse.  No claim is made that the Grand Jury did not scrupulously follow the directions of Judge Foster, and with those directions this Court is in entire accord by every dictate of modern governmental philosophy.

Exception is taken to the manner in which the Grand Jury was selected. Under the statute, however, it is much more logical for the Judge to do it than for the Sheriff, whatever may have been the permissive practice of the past. It might well be, as frequently recommended, that a definite method regarding this be adopted by the Legislature, but for the present and under the existing statute, the instant method appears entirely legal.

Regarding the contention of the accused that the facts alleged constitute no violation of common law or statute, this Court cannot agree. It requires no violence of construction to bring them within the logic, the reasoning and the ethical conclusions of Mr. Justice Hinman in the case of *State vs. Parker*, 114 Conn. 354.

The point about "waiver of immunity" is academic only. It is subordinate to the limits of the power herein recognized; and lacking a basis of legislative definition, the claim must be dismissed.

Regarding the technical questions raised bearing upon the Statute of Limitations, the Court is satisfied that if there is a conspiracy legally alleged, it is that offense alone which offers the measure of attack. There is therefore nothing alleged, either in the broad aspect of the problem or in technical infirmity or defect, to call for action now.

The motion to quash as amended is denied.